**IN THE UNITED STATES DISTRICT COURT**
**EASTER DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**FRENZETTA WILSON, *et al.***                                        **PLAINTIFFS**

**v.**                              **Case No. 4:20-cv-00152-KGB**

**SANTANDER CONSUMER USA, INC.**                              **DEFENDANT**

## ORDER

Before the Court is the parties' stipulated protective order (Dkt. No. 39).  For good cause

shown, the Court enters the parties' stipulated protective order (*Id.*).  Pursuant to the Court's

authority under Federal Rule of Civil Procedure 26(c), it is hereby ordered that:

1.      **Scope.**  All documents produced in the course of discovery, including initial

disclosures, all responses to discovery requests, all deposition testimony and exhibits, other

materials which may be subject to restrictions on disclosure for good cause and information

derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order

concerning confidential information as set forth below.  The Order is subject to the Local Rules of

this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of

time periods.

2.      **Form and Timing of Designation.**  A party may designate documents as

confidential and restricted in disclosure under this Order by placing or affixing the words

"CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the

document and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL prior to

or at the time of the production or disclosure of the documents.  When electronically stored

information is produced which itself cannot be marked with the designation CONFIDENTIAL,

the physical media on which such electronically stored information is or the file name of the electronically stored information produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL, even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL, as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation. The designation "CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3.      **Documents Which May be Designated CONFIDENTIAL.**  Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL.

4.      **Depositions.**  Oral or transcribed testimony may be designated by any party or third party as CONFIDENTIAL either by an oral statement on the record during the deposition, or

by providing written notice to all other parties and the court reporter within thirty (30) days following the deposition, hearing, or other proceeding. The following procedures shall apply:

a.  Unless designated earlier as CONFIDENTIAL (whether through written notice or an oral statement on the record during the deposition, hearing, or other procedure), all transcripts in this action shall be treated as CONFIDENTIAL in their entirety until thirty (30) days following receipt of the final transcript, which period may be extended by agreement of the parties. During this thirty (30) day period, no such transcript shall be disclosed to any individual other than the parties listed in section 6 below and the deponent, and no individual attending such deposition, hearing, or other proceeding shall disclose the content of that deposition, hearing, or other proceeding to any individual other than those described in section 5 below during said thirty (30) days.

b.  If within that thirty (30) day period a party or non-party designates the transcript or portions of the transcript CONFIDENTIAL by providing written notice to the other parties and the court reporter, then that designation shall control.

c.  Upon being informed that certain portions of a deposition, hearing, or other proceeding are to be designated as CONFIDENTIAL, all parties shall immediately cause each copy of the transcript in its possession, custody, or control to be appropriately marked and limit disclosure of that transcript in accordance with this Protective Order.

d.       The use of material produced and marked as CONFIDENTIAL only as an exhibit in a deposition, hearing, or other proceeding shall in no way affect that material's designation.

5.       **Protection of Confidential Material.**

a.       **General Protections.**  Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

b.       **Limited Third-Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

(1)      **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

(2)      **Parties.**  Parties and employees of a party to this Order.[1]

---

[1]  **NOTE**: If the CONFIDENTIAL documents contain highly sensitive trade secrets or other highly sensitive competitive or confidential information and disclosure to another party would result in demonstrable harm to the disclosing party, then the parties may stipulate or move for the establishment of an additional category of protection that prohibits disclosure of such documents or information to category (2) or that limits disclosure only to specifically designated in-house counsel or party representative(s) whose assistance is reasonably necessary to the conduct of the litigation and who agree to be bound by the terms of the order.

(3)     **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(4)     **Consultants,    Investigators    and    Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

(5)     **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

c.     **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

d.     **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to

collectively as "copies") of documents designated as CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy.  All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents, provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

e.   **Inadvertent Production.**   Inadvertent production of any document or information without a designation of "CONFIDENTIAL" shall be governed by Federal Rule of Evidence 502.

6.   **Filing of CONFIDENTIAL Documents Under Seal.**  Absent a statute or an order of this Court, documents may not be filed under seal.  Neither this Stipulated Protective Order nor any other sealing order constitutes blanket authority to file entire documents under seal. Only confidential portions of relevant documents are subject to sealing. To the extent that a brief, memorandum, or pleading references any information from, or document marked as, CONFIDENTIAL, then the party referencing the information or document must timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing of the confidential portions. Absent a court-granted exception based upon extraordinary circumstances, any and all filings made under seal shall comply with applicable Local Rules and the Federal Rules of Civil Procedure.

Any and all documents that may have been subject to sealing during discovery or motion practice will not enjoy a protected or confidential designation if the matter comes on for hearing, argument, or trial in the courtroom. The hearing, argument, or trial will be public in all respects.

7.     **Challenges by a Party to Designation as Confidential.**  Any CONFIDENTIAL designation is subject to challenge by a non-designating party to this action.  The objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement, at least 14 days before filing any motions or objections to a confidentiality designation with the Court.  If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

8.     **Action by the Court.**  Applications to the Court for an order relating to any documents designated CONFIDENTIAL shall be by motion consistent with the Court's local rules, standing orders, and any other relevant orders.   Any motion challenging confidentiality designations must include a statement affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.  The burden of persuasion in any such challenge proceeding shall be on the designating party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  All parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation until the Court rules on the challenge.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

9.      **Use of Confidential Documents or Information at Trial.**  All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information, other than solely for purposes of impeachment, derived therefrom, such party shall provide advance notice to the other party at the time and in the manner the Court orders for the identification of trial exhibits. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

10.      **Obligations on Conclusion of Litigation.**

    a.      **Order Remains in Effect.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    b.      **Return of CONFIDENTIAL Documents.**   Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL under this Order, including copies as defined in ¶ 5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to

information designated CONFIDENTIAL. This work product shall continue to be CONFIDENTIAL under this Order.

    c.    **Return of Documents Filed under Seal.**  After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

11.    **Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed pursuant to Local Rules, the Court's standing orders, and any other relevant orders.

12.    **No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

13.    **Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

So ordered this the 28th day of April, 2021.

Kristine G. Baker
United States District Judge

9

**WE SO STIPULATE**
**and agree to abide by the**
**terms of this Order**

**CARNEY BATES & PULLIAM, PLLC**
Edwin Lee Lowther
llowther@cbplaw.com
Randall Keith Pulliam
rpulliam@cbplaw.com
Cassandra J. DeCoursey
cdecoursey@cbplaw.com
519 W. 7th Street
Little Rock, AR 72201
(501) 321-8500 (Telephone)
(501) 312-8505 (Facsimile)

**WE SO STIPULATE**
**and agree to abide by the**
**terms of this Order**

**MCGUIREWOODS LLP**
K. Issac deVyver
kdevyver@mcguirewoods.com
Benjamin J. Sitter
bsitter@mcguirewoods.com
Blaec C. Croft
bcroft@mcguirewoods.com
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222-3142
Telephone:  (412) 667-6057
Facsimile:  (412) 402-4187

ATTORNEYS FOR DEFENDANT, SANTANDER
CONSUMER USA INC.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| FRENZETTA WILSON, RONNIE DICKERSON, and DEVON BYRD, on behalf of themselves and all others similarly situated<br><br>        Plaintiffs,<br><br>   v.<br><br>SANTANDER CONSUMER USA INC.,<br><br>        Defendant. | CIVIL ACTION NO. 4:20-cv-00152-KGB<br><br>**CLASS ACTION**<br><br><br>Compl. Filed: January 13, 2020 |

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Arkansas in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name:      _____

Job Title:   _____

Employer:   _____

Business Address:   _____

_____

_____

Date: _____   _____
                        Signature

2