IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**FRENZETTA WILSON,** *et al.*                                                              **PLAINTIFF**

v.                                    Case No. 4:20-cv-00152 KGB

**SANTANDER CONSUMER USA, INC.**                                              **DEFENDANT**

### FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

Before the Court is the motion for final approval of class action settlement of plaintiffs Frenzetta Wilson and Ronnie Dickerson ("Plaintiffs" or "Settlement Class Representatives") of a Settlement Agreement and Release (the "Agreement") entered into with defendant Santander Consumer USA, Inc. ("SC") on April 1, 2022 (Dkt. No. 60).  The Court entered an Order granting Plaintiffs' unopposed motion for preliminary approval of the class action Settlement on April 12, 2022 (the "Preliminary Approval Order") (Dkt. Nos. 55; 59).  This matter came before the Court for hearing on October 13, 2022, pursuant to the Preliminary Approval Order.  The Court having reviewed all relevant motions and papers that have been filed in connection with the proposed Settlement, and finding good cause, hereby orders, adjudges, and decrees that:

1.   This Order incorporates by reference the definitions in the Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings attributed to them in the Agreement.

2.   This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the proposed Settlement Class, and venue in this Court is proper.

3.   By entering this Order, the Court does not make any determination as to the merits of this case.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finds, for settlement purposes only, that the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) are satisfied for the following reasons: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives have fairly and adequately represented and protected the interests of all members of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.     For purposes of the Settlement and this Final Approval Order and Judgment the Settlement Class shall be defined as follows: all persons in the U.S. who have a car loan with SC with a Texas choice of law provision who paid a convenience fee in connection with a loan payment made online, over the phone, or by interactive voice recognition (IVR) since January 13, 2016.

6.     The Court confirms the prior appointments of the plaintiffs Frenzetta Wilson and Ronnie Dickerson to serve as Class Representatives and Carney Bates & Pulliam, PLLC as Class Counsel.

7.     Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Agreement and finds that the Settlement is, in all respects, fair, reasonable, and adequate and in the best interests of the Settlement Class Members. The Court has specifically considered the factors relevant to class settlement approval set forth in Federal Rule of Civil Procedure 23(e)(2), including whether the:

(A) Class Representatives and Class Counsel have adequately represented the Settlement Class;

(B) Settlement was negotiated at arm's length;

(C) Relief provided for the Settlement Class is adequate, taking into account:

   (i) the costs, risks, and delay of trial and appeal;

   (ii) the terms of any proposed award of attorneys' fees and costs, and Class Representative service awards, including the timing of payment and any justification for the awards; and

   (iii) any agreement required to be identified under Rule 23(e)(3); and

(D) Settlement treats Settlement Class Members equitably relative to each other.

8. The Court further finds that the Settlement set forth in the Agreement is the result of a good faith, arm's-length negotiation between experienced counsel, with the assistance of the mediator Bruce A. Friedman through mediation. Accordingly, the Settlement embodied in the Agreement is hereby finally approved in all respects, there is no just reason for delay, and the parties are hereby directed to perform its terms.

9. By operation of this Order, final judgment is hereby entered with respect to the Released Claims of all Settlement Class Members, and the Released Claims in the Action are hereby dismissed in their entirety with prejudice and without costs. All claims in the Action are dismissed, and the case shall be closed pursuant to paragraph 22 of this Order.

10. The releases as set forth in Section 10 of the Agreement together with the definitions in Sections 1.32-1.34 and 1.42 relating thereto are expressly incorporated herein in all respects and made effectively by operation of this Order. The Court hereby approves the release provisions as contained and incorporated in Section 10 of the Agreement including but

limited to, the definitions of Released Claims, Releasors, Releasees, and Unknown Claims.  The Releasors shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Releasees.

11. The Releasors, including the Class Representatives and all Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction for the Released Claims.  The Releasors further are forever banned and enjoined from organizing the Settlement Class Members, or soliciting the participation of Settlement Class Members, or persons who would otherwise fall within the definition of Settlement Class member but who have requested to be excluded from the Settlement Class, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action in any jurisdiction based on or relating to any of the Released Claims).

12. The form and means of disseminating the Class Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort.  Said Notice provided the best notice practicable under the circumstances of the proceedings and the matters set for the therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

13.     Class Counsel have submitted an application for attorneys' fees, litigation expenses and service awards (Dkt. No. 62). The Court has considered this application separately from the fairness, reasonableness, and adequacy of the Settlement. The Court grants the application and finds that an award of attorneys' fees in the amount of $240,000.00 and reimbursement of litigation expenses in the amount of $10,094.38 are fair and reasonable (*Id.*). As such, the Court approves payment of the foregoing fee and expense amounts to be paid from the Settlement Fund in the manner and at the times set forth in the Agreement.

14.     The Court further finds that a service award for each Class Representative in the amount of $5,000 or $10,000 in total, is fair and reasonable. As such, the Court approves the service awards in these amounts to be paid from the Settlement Fund in the manner and at the time set forth in the Agreement.

15.     This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it or any way be (i) deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of SC, or (ii) used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Agreement.

16.     Without affecting the finality of this Final Approval Order and Judgment in any way, this Court hereby retains continuing jurisdiction over the administration, consummation, enforcement, and interpretation of the Agreement, the final judgment, and for any other necessary purpose, including to ensure compliance with the Protective Order.

17. In the event that the Settlement does not become effective in accordance with the terms of the Agreement, or the Agreement is terminated pursuant to Section 13 of the Agreement, the Parties shall be restored to their respective positions in the Action prior to the execution of the Agreement, the certification of the Settlement Class shall be automatically vacated, and this Order shall be rendered null and void (except Paragraph 13 of this Order shall remain in effect) to the extent provided by and in accordance with the Agreement and shall be vacated and, in any such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

18. The Parties and the Settlement Administrator are hereby authorized to implement the terms of the Agreement.

19. Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

20. SC has provided notification through the Settlement Administrator to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

21. In accordance with paragraph 7.6 of the Agreement, no later than 30 days after the Effective Date (as defined in the Agreement), the Settlement Administrator shall file with this Court, under seal pursuant to the Protective Order entered in this litigation (in order to protect the names, addresses and other personal information of Class Members), a list of the names and addresses of all Members of the Class to whom Class Notice was sent.

22. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is hereby directed. As such, the Clerk of the Court is hereby directed to close the Action.

It is so ordered this 7th day of December, 2022.

_____
Kristine G. Baker
United States District Judge